UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 19-CV-254-JRT-KMM

JALLAH S.,

        Petitioner,

v.

KIRSTJEN NIELSEN, et al.,

        Respondents.

**REPORT AND RECOMMENDATION**

Jallah S., a native of Liberia, seeks a writ of habeas corpus requiring his release from custody pending his removal from the United States. Mr. S claimed that his continued custody violated his due process rights pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). On October 21, 2019, the Court ordered the respondents to file a supplemental response regarding the status of their efforts to remove the petitioner from the United States. ECF No. 22. In response to the Court's October 21st Order, the respondents have notified the Court that the Immigrations and Customs Enforcement Agency has removed Mr. S to Liberia. ECF Nos. 23–24.

Because Mr. S sought release from custody under *Zadvydas* and is now no longer in the custody of any respondent, the respondents contend that his petition is moot and should be dismissed. ECF No. 23. The Court agrees. Mr. S's removal from the United States means that there is no longer any actual, ongoing case or controversy. "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing controversies." *Hayden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). Courts consistently conclude that when a petitioner in a habeas action such as this is removed from the United States and returned to his native country, there is no longer a live case or controversy because a court can no longer order

the relief sought in the petition. *See, e.g.*, *Hassan v. I.C.E.*, No. 13-cv-841 (PJS/LIB), 2013 WL 3974522, at *2 (D. Minn. Aug. 1, 2013) (Order adopting report and recommendation); *Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immigration Servs.*, No. 10-cv-292 (JRT/LIB), 2010 WL 5141803, at *11-12 (D. Minn. Dec. 13, 2010). Mr. S is not in the custody of any of the respondents because he has been returned to Liberia. Therefore, the Court cannot give Mr. S the relief he seeks in his petition—an order requiring immediate release pending his removal to Liberia. No case or controversy remains, and this action is moot.

Accordingly, **IT IS HEREBY RECOMMENDED** that the Petition [ECF No. 1] be **DENIED AS MOOT** and this action be **DISMISSED WITHOUT PREJUDICE**.

Date:  December 4, 2019                               *s/Katherine Menendez*
                                                                              Katherine Menendez
                                                                              United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.